William L. Mentlik
Aaron S. Eckenthal
Kendall K. Gurule
LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:    908.654.5000
Fax:    908.654.7866

*Attorneys for Plaintiff SHI International Corp.*

**Document Filed Electronically**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHI INTERNATIONAL CORP., | : |
| | : Civil Action No. |
| Plaintiff, | : |
| v. | : |
| | : |
| IOMARTCLOUD, INC., | : |
| | : |
| Defendant. | : |
| | x |

## COMPLAINT

Plaintiff SHI International Corp. ("SHI" or "Plaintiff"), for its complaint against Defendant iomartcloud, inc. ("iomart" or "Defendant"), alleges as follows:

## NATURE OF ACTION

1.  This is an action for breach of contract arising out of iomart's failure to make payments to SHI with respect to products and services purchased by iomart. As of the date of this Complaint, iomart has failed to pay $468,000.27 in invoiced products and services provided by SHI pursuant to written agreements between the parties. SHI now brings this action in order to recover the $468,000.27 owed to it by iomart, in addition to attorney fees and costs, prejudgment, and other interest as provided for in the contract at issue and by law, and such other relief as requested by SHI and deemed appropriate by the Court.

## THE PARTIES

2. SHI is a New Jersey corporation with its principal place of business at 290 Davidson Avenue, Somerset, New Jersey 08873. The company is a leading corporate reseller of software, hardware, and related services.

3. iomart is a Florida corporation with its principal place of business at 601 21st Street, Vero Beach, Florida 32960, specializing in cloud storage.

## JURISDICTION AND VENUE

4. This is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

5. Venue is proper in this district because the parties have contractually consented to personal jurisdiction and venue of the federal courts in New Jersey. SHI entered into the contracts at issue in this dispute in New Jersey. The IAAS Asset Purchase & Revenue Share Agreement and BAAS Asset Purchase & Revenue Share Agreement, which governed the purchase and use of SHI's products and services by iomart, provide as follows: "Each of the parties irrevocably consents to the personal and exclusive jurisdiction and venue of the federal and state courts, as applicable, located in Somerset County, New Jersey for any matter arising out of or relating to this agreement and hereby waives any objection to such jurisdiction."

## BACKGROUND

6. On or about May 1, 2014, SHI and iomart entered into a BaaS Asset Purchase and Service Outsourcing Agreement ("BaaS Agreement"). (*See* Exh. 1.) On or about September 16, 2014, SHI and iomart then entered into an IaaS Asset Purchase Agreement including its addendums (collectively "IaaS Agreement"). (*See* Exhs. 2.)

7. In addition to these agreements, the parties executed several addendums, including the second Addendum to the IaaS Agreement, effective as of April 1, 2015, which included an "Obligation to Pay." (*See* Exh. 2 Addendum No. 2.) As part of this "Obligation to Pay," iomart agreed to make additional payments to SHI, on top of its obligations pursuant to the terms of the IaaS and BaaS Agreements.

8. The IaaS and BaaS Agreements provide, in pertinent part, that "[the] agreement[s] constitute[] the entire agreement[s] between the parties with respect to the subject matter of [these] agreement[s] and supersede[] all prior written and oral agreements between the parties." (Exh. 1 ¶ 15.5, Exh. 2 ¶ 15.6.) Accordingly, iomart accepted the terms of the Agreements.

9. The terms of the BaaS Agreement provide for a purchase price of $1.3 million and Attachment D sets forth the monthly payment schedule. (*See* Exh. 1 ¶ 3.1, Attach. D.) The terms of the IaaS Agreement obligate iomart to pay to SHI, "[n]o later than 5 business days after the month of the Operational Date, and every Calendar month thereafter, [] $28,000 per month, for a total of 48 calendar months" for the Operational Assets. (Exh. 2 ¶ 3.1(i).) iomart asked that SHI's invoices for these equipment payments be designated as being for "Support Resources," and SHI complied with this request.

10. The terms of the IaaS Agreement Addendum further provide that: "iomart shall execute and deliver to SHI a document entitled 'Obligation To Pay' in the form attached hereto as Exhibit 1, which shall obligate iomart to pay to SHI the amount of $288,013 ($400,000 - $111,987), in equal monthly installments ($6,000.27 per month) for 48 months, with the first such payment due on or before July 31, 2015, and the last such payment due on or before June 30, 2019." (Exh. 2 Addendum No. 2 ¶ 7.) The "Obligation To Pay" further provides in relevant part that: "[t]his Obligation To Pay shall be, at SHI's option, immediately due and

payable upon: 1) iomart's failure to make any payment due hereunder." (*See id.*, Exh. 1 ¶ 3.) The Obligation To Pay also provides that is it "non-negotiable and may not be transferred. (*See id.*, Exh. 1 ¶ 4.)

11. The terms in each contract further provide that "the prevailing Party will be entitled to reasonable attorney fees, in addition to any other relief to which the party may be entitled." (Exh. 1 ¶ 15.8; Exh. 2 ¶ 15.9.)

12. Pursuant to the parties' BaaS Agreement, iomart purchased equipment and services from SHI effective May 1, 2014.

13. Pursuant to the parties' IaaS Agreement, iomart purchased equipment and services from SHI effective September 16, 2014.

14. In accordance with the purchase orders, SHI provided these products and services to iomart and, in return, iomart began making payments to SHI.

15. However, after making payments with respect to SHI's invoices and the Obligation To Pay for the month of October 2017, iomart stopped paying any of SHI's invoices.

16. On or around November 24, 2017, SHI sent an invoice to iomart in the amount of $30,000 for BaaS Support Resources, and another in the amount of $28,000 for IaaS Support Resources, along with a payment tracker setting forth these amounts and the monthly $6,000 payment due pursuant to the Obligation to Pay as then due and owing. Despite acknowledging receipt, iomart has yet to pay these amounts.

17. On or around December 29, 2017, SHI sent an invoice to iomart in the amount of $30,000 for BaaS Support Resources, and another in the amount of $28,000 for IaaS Support Resources, along with a payment tracker setting forth these amounts and the monthly $6,000

payment due pursuant to the Obligation to Pay as then due and owing. Despite acknowledging receipt, iomart has yet to pay these amounts.

18. On or around January 31, 2017, SHI sent an invoice to iomart in the amount of $30,000 for BaaS Support Resources, and another in the amount of $28,000 for IaaS Support Resources, along with a payment tracker setting forth these amounts and the monthly $6,000 payment due pursuant to the Obligation to Pay as then due and owing. Despite acknowledging receipt, iomart has yet to pay these amounts.

19. On or around March 1, 2018, SHI sent an invoice to iomart in the amount of $30,000 for BaaS Support Resources, and another in the amount of $28,000 for IaaS Support Resources, along with a payment tracker setting forth these amounts and the monthly $6,000 payment due pursuant to the Obligation to Pay as then due and owing. Despite acknowledging receipt, iomart has yet to pay these amounts.

20. On or around March 28, 2018, SHI sent an invoice to iomart in the amount of $30,000 for BaaS Support Resources, and another in the amount of $28,000 for IaaS Support Resources, along with a payment tracker setting forth these amounts and the monthly $6,000 payment due pursuant to the Obligation to Pay as then due and owing. Despite acknowledging receipt, iomart has yet to pay these amounts.

21. On or around April 27, 2018, SHI sent an invoice to iomart in the amount of $30,000 for BaaS Support Resources, and another in the amount of $28,000 for IaaS Support Resources, along with a payment tracker setting forth these amounts and the monthly $6,000 payment due pursuant to the Obligation to Pay as then due and owing. Despite acknowledging receipt, iomart has yet to pay these amounts.

22. Since March 2018, SHI has contacted iomart on numerous occasions asking about the status of the invoices and seeking payment. By letter, dated May 1, 2018, SHI invoked its right under the Obligation to Pay addendum to accelerate all outstanding monthly payments. SHI has received no response to date.

23. As of the date of this Complaint, the full amount owing to SHI is $468,000.27, with an additional $84,000.00 ($28,000.00/month) that will be due under the IaaS Agreement for the months of May, June, and July 2018.

## FIRST CLAIM FOR RELIEF
### Breach Of Contract

24. SHI incorporates by reference the preceding allegations as though fully set forth herein.

25. SHI and iomart entered into written contracts, attached as Exhibits 1 and 2, whereby SHI agreed to provide products and services to iomart in exchange for payment.

26. SHI fully performed all conditions and obligations under this contract, except as waived, prevented, or excused by iomart.

27. iomart breached the parties' contracts by failing to pay the amount owing to SHI.

28. As a result of iomart's breach of contract, SHI has currently sustained damages in an amount, which will be proven at trial, but which is no less than $468,000.27.

## SECOND CLAIM FOR RELIEF
### Promissory Estoppel

29. SHI incorporates by reference the preceding allegations as though fully set forth herein.

30. In the alternative to its breach of contract claim, and in the event that the contracts between the parties are found to be unenforceable, SHI asserts a claim for relief for promissory estoppel.

31. iomart made promises to SHI by representing it would pay for products and services provided by SHI.

32. iomart should have expected that SHI would rely on such promises.

33. SHI did, in fact, justifiably rely on such promises by providing products and services to iomart.

34. As a result of iomart's false promises and misrepresentations, SHI has suffered damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
### Unjust Enrichment

35. SHI incorporates by reference the preceding allegations as though fully set forth herein.

36. By its wrongful acts and omissions, iomart has been unjustly enriched at the expense of and to the detriment of SHI, or while SHI was unjustly deprived. Among other things, iomart is currently in possession of SHI's products, and has received the benefit of SHI's services, for which SHI has not received payment.

37. SHI seeks restitution from iomart and seeks an order from this Court disgorging all commissions, profits, benefits, and other compensation obtained by iomart from its wrongful conduct.

### PRAYER FOR RELIEF

WHEREFORE, SHI prays for judgment against iomart as follows:

1.     Monetary damages in the amount of at least $468,000.27, or such other amount as may be proven by SHI at trial, plus an additional $84,000.00 ($28,000.00/month) that shall be due under the IaaS Agreement for the months of May, June, and July 2018.

2.     Interest on the past due amount as provided for in the contract at issue or by law, whichever is greater.

3.     An order disgorging all commissions, profits, benefits, and other compensation obtained by iomart from their wrongful conduct.

4.     An order awarding SHI its costs of suit and attorney fees, and expert fees and expenses.

5.     Prejudgment interest at the maximum rate allowed by law or the parties' contract, whichever is greater; and

6.     For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff SHI International Corp.*

Dated: June 5, 2018

By:     s/ William L. Mentlik
William L. Mentlik
Tel:    908.654.5000
E-mail: wmentlik@lernerdavid.com
            litigation@lernerdavid.com

**OF COUNSEL:**
LEWIS & LLEWELLYN LLP
Paul T. Llewellyn (CA Bar No. 216887)
Evangeline A.Z. Burbidge (CA Bar No. 266966)
505 Montgomery Street, Suite 1300
San Francisco, CA 94111
Tel.    415.800.0590
E-mail: pllewellyn@lewisllewellyn.com
          eburbidge@lewisllewellyn.com

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither Plaintiff nor Plaintiff's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.


Dated:     June 5, 2018                         LERNER, DAVID, LITTENBERG,
                                                 KRUMHOLZ & MENTLIK, LLP
                                                *Attorneys for Plaintiff SHI International Corp.*


                                                By:     s/ William L. Mentlik
                                                        William L. Mentlik
                                                        Tel:    908.654.5000
                                                        E-mail: wmentlik@lernerdavid.com
                                                                litigation@lernerdavid.com